IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABAL ZAIDI,<br><br>                Plaintiff,<br><br>      v.<br><br>KANE COUNTY SHERIFF'S DEPARTMENT,<br><br>                Defendant. | FILED: JULY 14, 2008<br>08CV3987<br>Case No. JUDGE COAR<br>MAGISTRATE JUDGE ASHMAN<br>TG<br><br>JURY DEMANDED |

**PLAINTIFF'S COMPLAINT**

Plaintiff Abal Zaidi "Plaintiff", by and through his attorney, complains of Defendant Kane County Sheriff's Department, "Defendant" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, as follows:

**INTRODUCTION**

1.    Plaintiff seeks redress for religious discrimination. This case is brought for relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

**PARTIES**

2.    Plaintiff is a resident of Kane County, Illinois. He is a Muslim male of Middle-Eastern origin. Mr. Zaidi was formerly employed by the Defendant.

3.    Defendant is located at 777 East Fabyan Parkway, Geneva, Illinois 60134. The Kane County Sheriffs Department employed Mr. Zaidi.

4.   Defendant employed 15 or more employees for each working day for 20 or more calendar weeks in the current and preceding calendar years.

## JURISDICTION AND VENUE

5.   This complaint alleges violations of Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964; therefore, jurisdiction of this court is invoked pursuant to title 28, United States Code §1331 and §1334.

6.   On February 13, 2007, Mr. Zaidi timely filed a charge of religious discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") (a copy of the charge is attached hereto as exhibit 1).

7.   On April 10, 2008, the EEOC issued a Notice of Right to Sue (a copy of the Order is attached hereto as exhibit 2).

8.   The violations alleged herein occurred in the Northern District of Illinois; therefore, venue is proper in this district pursuant to title 28, United States Code §1391.

## FACTS

9.   Plaintiff was employed by the Defendant as a Correctional Officer from July 31, 2006 until December 19, 2006.

10.   During the course of his training, Plaintiff was subjected to more difficult assignments with less assistance from supervising officers, including Officers Gary, Tribula, and Zilchich, than were other similarly situated, non-Muslim probationary Correctional Officers.

11.     On approximately the 15th of December, 2006, Sheriff Pat Perez posted a memorandum on an employee bulletin that mandated all officers to cleanly shave their faces.

12.     At the time that the memorandum referenced in paragraph 11 was posted on the bulletin, Plaintiff kept a beard as an expression of his Muslim practice and belief. The religious wearing of beards is a valid religious practice that employers need to reasonably accommodate. Thus, the employment requirement conflicted with Plaintiff's sincere religious belief.

13.     Plaintiff informed his Field Training Officer ("FTO"), Mr. Aguirre (#497), that the employment policy was in conflict with his religious belief. Mr. Aguirre told Plaintiff to speak with Sergeant Dunaway (#650) regarding the beard policy.

14.     On December 17, 2006, Plaintiff spoke to Sgt. Dunaway about the beard policy. During this meeting, Sgt. Dunaway told Plaintiff to bring in documentation confirming that he kept a beard for religious purposes. Plaintiff agreed to bring in such documentation on his next scheduled day of work, December 21, 2006.

15.     Before the scheduled meeting occurred between Plaintiff and Sgt. Dunaway, Plaintiff was called in by Captain Woodruff on December 19, 2006 for a meeting with Undersheriff Ziman and Chief Exline.

16.     During this meeting, Mr. Ziman and Mr. Exline asked Plaintiff to resign from his job or else be terminated. Mr. Ziman and Mr. Exline stated that the reason for the resignation/termination was because of his poor job performance. Also during this meeting, Mr. Ziman and Mr. Exline told Plaintiff that "this job was not for you."

17. Although Plaintiff resigned, he did not do so voluntarily. Instead, the resignation was a discharge because he did not have the option to remain (a copy of the Eligibility for Unemployment Benefits is attached hereto as exhibit 3).

18. Plaintiff's daily observational reports were within satisfactory guidelines, and the most recent reports before his termination were flawless. Further, supervisors, including Officer Gary and Mr. Aguirre (#497), informed Plaintiff that he had been performing well.

19. Additionally, no other non-Muslim, non-Middle-Eastern employees who performed as well or worse than Plaintiff were asked by Defendant to resign.

20. Plaintiff was fired for his Muslim religious beliefs and practice rather than on the basis of his performance in violation of his civil rights.

## COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

21. Mr. Zaidi reasserts and realleges paragraphs 1-20 as set fully herein.

22. Defendant, through its employees, failed to accommodate and intentionally discriminated against Plaintiff on the basis of his religious beliefs.

23. Defendant, through its employees, created a hostile work environment by subjecting Plaintiff to a higher level of difficulty and more rigorous guidelines during training than other non-Muslim, non-Middle-Eastern trainees.

24. Defendant's actions, through its employees, have caused Plaintiff undue harm including but not limited to emotional distress, inconvenience, lost wages and benefits, and other consequential damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Abal Zaidi requests that this Honorable Court enter judgment in his favor and against Defendant Kane County Sheriff's Department, and enter an Order awarding the following damages:

A. A written apology from the Defendant;

B. All wages and benefits Plaintiff would have received but for the discrimination and retaliation;

C. Compensatory damages;

D. Punitive damages;

E. An award of costs, as provided by F.R.C.P. 54(d)(1);

F. An award of reasonable attorneys fees, as provided by 42 U.S.C. § 2000e-5(k); or 42 U.S.C. § 1988(b); and

G. Such other relief as the Court deems equitable and just.

Respectfully Submitted,

/s/ Abal Zaidi
ABAL ZAIDI


/s/ Bitta Mostofi
BITTA MOSTOFI
Attorney for the Plaintiff

Bitta Mostofi
Attorney #: 6290292
Council on American-Islamic Relations (CAIR-Illinois)
28 East Jackson Boulevard, Suite 1410
Chicago, Illinois 60604
Ph:   312.212.1520
Fax:  312.212.1530

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>440-2007-02818 |
|---|---|---|

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name (indicate Mr., Ms., Mrs.)<br>Mr. Abal Q. Zaidi | Home Phone (Incl. Area Code)<br>(630) 497-9501 | Date of Birth<br>01-18-1977 |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| 4 Spur Court, Streamwood, IL 60107 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name<br>KANE COUNTY SHERIFF'S DEPT. | No. Employees, Members<br>101 - 200 | Phone No. (Include Area Code)<br>(630) 232-6677 |
|---|---|---|

| Street Address | City, State and ZIP Code |
|---|---|
| 777 East Fabyan Parkway, Geneva, IL 60134 | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☒ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 7-31-2006   Latest: 12-19-2006
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by the Respondent on July 31, 2006. I was employed as a probationary Correctional Officer. During my employment, I was subjected to different terms and conditions of employment than similarly situated, non-Muslim probationary Correctional Officers, in that I was assigned more difficult duties and given less assistance to perform those duties. On or about December 18, 2006, I requested a religious accommodation due to new policy, which would take effect in January 2007. On December 19, 2006, Respondent informed me that if I did not resign, I would be discharged. On December 19, 2006, I was forced to resign.

I believe that I have been discriminated against because of my religion, Muslim, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

08CV3987
JUDGE COAR
MAGISTRATE JUDGE ASHMAN
TG

RECEIVED EEOC
FEB 13 2007
CHICAGO DISTRICT OFFICE

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

I declare under penalty of perjury that the above is true and correct.

Date: 02/08/2007   Charging Party Signature: [signature]

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*



**U.S. Department of Justice**

Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

---

CERTIFIED MAIL
5054 7905

Mr. Abal Q. Zaidi
c/o Tricia Kemling, Esquire
Council on American-Islamic Relations,
Chicago Chapter
Attorney at Law
28 E. Jackson Blvd., Ste. 1410
Chicago, IL  60604

950 Pennsylvania Avenue, N.W.
Karen Ferguson, EMP, PHB, Room 4239
Washington, DC 20530

April 10, 2008

08CV3987
JUDGE COAR
MAGISTRATE JUDGE ASHMAN
TG

Re:  EEOC Charge Against Kane County Sheriff's Dept.
     No. 440200702818

Dear Mr. Zaidi:

   Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

   If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

   This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                         Sincerely,

                    Grace Chung Becker
              Acting Assistant Attorney General
                    Civil Rights Division

           by       Karen J. Ferguson
                    Karen L. Ferguson
              Supervisory Civil Rights Analyst
                Employment Litigation Section

cc:  Chicago District Office, EEOC
     Kane County Sheriff's Dept.

DEPARTMENT OF EMPLOYMENT SECURITY
30 DUPAGE COURT
ELGIN, IL 60120

DATE: 12-23-2006    SSN: 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

ABAL Q ZAIDI
4 SPUR CT
STREAMWOOD, IL 60107

EMP: COUNTY OF KANE

NOTICE OF LOCAL OFFICE INTERVIEW
IMPORTANTE NOTICIA DE UNA ENTREVISTA EN LA OFICINA LOCAL

A question has been raised regarding your eligibility for unemployment insurance benefits for the period beginning 12-17-2006. To resolve this question, it will be necessary for you to be interviewed and to supply information regarding your voluntarily leaving a job. Section 601 of the Illinois Unemployment Insurance Act applies in your eligibility in this case. This interview is requested because YOU INDICATED YOU QUIT COUNTY OF KANE. WE WILL CALL YOU ON THE DATE BELOW. At the time of your interview, you should be prepared to present any information you have regarding your case.

YOU HAVE BEEN SCHEDULED TO BE INTERVIEWED BY TELEPHONE ON 01-04-2007 at 01:30 pm. We will telephone you at this time or within ten minutes after this time at 8704970501, the contact telephone number which you provided to us. If this number is incorrect, contact the Claims Adjudicator whose name and phone number appear at the bottom of this letter and correct the number. If a questionnaire is enclosed with this Notice, please complete it and be prepared to answer the questions when we call. If you have witnesses who can provide information helpful to your case, you should have them available when we telephone you.

If you wish to be interviewed in person rather than by telephone, CONTACT THE ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY AT THE TELEPHONE NUMBER LISTED BELOW.

This notice is for your protection and is not a denial of benefits. A final determination regarding your eligibility for benefits will not be made until after you have had an opportunity to discuss this matter with our office. Failure to make yourself available at the time stated above will result in a determination being made on the basis of information then available to the Claims Adjudicator. YOUR BENEFITS MAY BE SUSPENDED, TERMINATED OR REDUCED.

IF YOU EXPECT TO BE WORKING, OR FOR ANY OTHER GOOD REASON, YOU WILL NOT BE AVAILABLE FOR THE INTERVIEW, COMPLETE THE ENCLOSED FORM AND MAIL IT TO THIS OFFICE TO RESCHEDULE YOUR INTERVIEW.

Esta noticia es para avisarle que hay una duda sobre su elegibilidad para seguro de desempleo. Para aclarar esta duda usted puede hablar por telefono a la hora y el dia antes mencionados o presentarse a esta oficina para una entrevista en la fecha y la hora indicadas. Faltar a entrevistarse por telefono o en persona resultara en una determinacion basada en la informacion al corriente y pueden eliminar sus beneficios de desempleo. Sus beneficios pueden ser suspendidos, terminados o reducidos en base a lo indicado arriba. Si ud. esta trabajando en la fecha y la hora indicadas, complete esta tarjeta y enviela por correo a la oficina tan pronto le sea posible.

- 150
ES Service Representative
Phone 847-888-7900 Ext.     Fax 847-888-5547

FORM NBR: Bis-307AH    (305)
MIS REF NBR: 00830

DEPARTMENT OF EMPLOYMENT SECURITY
30 DUPAGE COURT
ELGIN, IL 60120

DATE: 01-05-2007  SSN: 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

ABAL Q ZAIDI
4 SPUR CT
STREAMWOOD, IL 60107           COUNTY OF KANE

The following determination has been made in connection with your claim for unemployment insurance benefits:

The claimant was discharged from COUNTY OF KANE because of PERFORMANCE ISSUES. HE DID NOT HAVE THE OPTION TO REMAIN. NO OTHER INFORMATION AVAILABLE.

The term misconduct means the deliberate and willful violation of a reasonable rule or policy of the employer. If the violation has harmed the employer or other employees or has been repeated by the individual despite a warning or other explicit instruction from the employer. In this case, the claimant's action which resulted in his discharge was not deliberate and willful.

Therefore, this Determination finds the claimant eligible for benefits, with respect to this issue only, for each week during the period from 12-17-2006 through 12-30-2006 and he will be determined eligible for each week thereafter as long as he meets the eligibility requirements of the Illinois Unemployment Insurance Act.

Waiting week credit has been granted and/or benefit checks are being ordered for each week of unemployment for which you are eligible. However, the employer who is a party to the determination has thirty (30) days in which to appeal. If the employer appeals, you will be notified of the time and place of the hearing. If you do not receive notification of waiting week credit and/or benefit payment within three weeks from the date of this notice, please notify the office.

SEE THE REVERSE SIDE FOR INFORMATION REGARDING APPEAL RIGHTS

VEASE AL REVERSO PARA UNA TRADUCCION EN ESPANOL DE SUS DERECHOS A APELAR

E. HERNANDEZ   124
ES Service Representative
Phone 847-888-7900 Ext. 244   Fax 847-888-5597

FORM NBR: BIS 275.1    ISSUE: Section 602A    (C06) DECISION: ALLOW
MIS REP NBR: 00958

DEPARTMENT OF EMPLOYMENT SECURITY
30 DUPAGE COURT
ELGIN, IL 60120

DATE: 01-05-2007   SSN: 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

ABAL O ZAIDI
4 SPUR CT
STREAMWOOD, IL 60107                    COUNTY OF KANE

The following determination has been made in connection with your claim for unemployment insurance benefits.

The claimant cannot be held ineligible for benefits under Section 601A of the Illinois Unemployment Insurance Act since after investigation it was determined that the correct issue raised was Section DISCHARGE of the Act. A determination will be rendered under this section and a copy will be forwarded.

SEE THE REVERSE SIDE FOR INFORMATION REGARDING APPEAL RIGHTS

VEASE AL REVERSO PARA UNA TRADUCCION EN ESPANOL DE SUS DERECHOS A APELAR

E. HERNANDEZ - 128
ES Service Representative
Phone 847-888-7900 Ext. 244    Fax 847-888-5547

FORM NBR: Bis-276    ISSUE: Section 601A    (C05) DECISION: ALLOW
MIS REF NBR: 00957